PER CURIAM:
Claimant brought this action for damage to her 1997 Subaru Impreza which occurred as she was traveling on Jack’s Run Road in Clarksburg, Harrison County. She was negotiating a left turn onto Simpson Road when her vehicle was struck by *270 an oncoming vehicle. Respondent was responsible at all times herein for the maintenance of Jack’s Run Road and Simpson Road. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on July 19, 2002, at approximately 4:30 p.m. Claimant was traveling this portion of Jack’s Run Road for the first time. She and her husband had just moved from Texas to Clarksburg and claimant was running errands to finish moving into their new home. As she reached the bottom of the hill where Jack’s Run Road intersects with Simpson Road, she stopped her vehicle at the stop sign. She was attempting to make a left turn onto Simpson Road, but she testified that she could not see from this location whether or not there was any oncoming traffic. Therefore, she slowly drove her vehicle into Simpson Road. She estimates that she drove her vehicle approximately one-half of a car length past the stop sign so as to see the oncoming traffic on Simpson Road. She testified that she looked in both directions before making a left turn onto Simpson Road. Suddenly, as she drove her vehicle onto Simpson Road across the oncoming traffic lane, a truck came around the curve in that lane and collided into the rear of her vehicle. She described the impact as severe but that it could have been much worse had the driver of the truck not reacted as quickly as he did. She stated that the Dodge Ram truck was heading straight for her front driver’s side door when suddenly the driver maneuvered the truck which hit the rear of her car. The truck then struck a row of mailboxes on the side of the road before coming to a stop. Fortunately, neither driver was injured. However, claimant’s vehicle was damaged beyond repair and it was considered a total loss by her insurer. Claimant has insurance coverage to cover this loss; however, she paid an insurance deductible of $250.00 for which she seeks a recovery in this claim.
Claimant is of the opinion that the stop sign at the corner of Jack’s Run Road and Simpson Road is located entirely too far back from Simpson Road to allow a driver to be able to view whether or not there is traffic coming from the left on Simpson Road. Claimant also testified that there were trees, bushes, and weeds blocking her view of oncoming traffic as well. Claimant introduced numerous photographs into evidence taken shortly after this incident that depict a great deal of foliage obstructing the view of drivers looking to the left side of the intersection for oncoming traffic on Simpson Road. Claimant asserts that respondent failed to cut the trees and other foliage on the hillside at the corner of Jack’s Run Road and Simpson Road adequately to allow her to see the oncoming traffic from the left on Simpson’s Road and that respondent placed the stop sign too far back from the road.
Respondent contends that it properly maintained the hillside at the corner of Jack’s Run Road and Simpson Road and that a reasonably prudent driver could have seen the oncoming vehicle.
John Barberio was the Highway Administrator for respondent in Harrison County at the time this incident occurred. His responsibilities include overseeing the maintenance work for all roads in Harrison County including the area at issue in this claim. He is familiar with the location at issue. He testified that both Jack’s Run Road and Simpson Road are blacktopped roads. He testified that the stop sign at the intersection of the two roads is probably located approximately twenty to twenty-five feet from Simpson Road. He admitted that this is not the standard practice to place a sign this far from the road, but at this particular location respondent could not place the sign onto the shoulder of the road. Furthermore, he stated that the postal service *271 needs room to drive their trucks to the side of the road when they; deliver to the numerous mailboxes at this location. Mr. Barberio testified that he does not know of any other accidents at this location. He testified that a driver is supposed to ease his vehicle up to the edge of the intersection, and, once the vehicle is located a foot or two beyond the mailboxes, a driver should have one hundred to one hundred-fifty feet of visibility to the left to observe oncoming traffic. Mr. Barberio also stated that respondent is responsible for trimming the brush along the road and the hillside at this location. He testified that he had not received any complaints prior to this incident regarding obstructive vegetation on the hillside that blocked the traveling public’s view of Simpson Road. However, he testified that a driver stopped at the stop sign would not have one hundred to one hundred-fifty feet of visibility for traffic coming from the left on Simpson Road. Finally, Mr. Barberio admitted that there may have been a little problem with a few limbs obstructing a driver’s view at the location of this incident.
Paul Lister, an investigator with respondent’s Legal Division, testified that his responsibilities include traveling state-wide to investigate accidents for respondent. He investigated this incident and took photographs and measurements of the scene. He took the photographs that were introduced into evidence by respondent. These were taken on September 18, 2002, nearly two months after the incident occurred. According to Mr. Lister, a reasonably prudent driver should have been able to see approximately one hundred-fifty feet from the intersection to the left on Simpson Road. He also testified that he did not believe that the brush or trees prevented or inhibited the view of a driver stopped at the white line at the intersection from viewing oncoming traffic on Simpson Road. Further, he stated that he did not believe that cutting or spraying brush could improve the sight distance for a driver at the intersection by more than ten feet.
It is the well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive notice that the intersection at Jack’s Run Road and Simpson Road presented a hazard. The photographs illustrate that from the location of the stop sign, it is impossible for a driver to observe any oncoming vehicles traveling from the left at this particular intersection. The claimant was forced to drive her vehicle slowly up to the edge of the intersection and then look for oncoming traffic, but even from this location her sight distance was very limited due to the hillside and the heavy brush and foliage on the trees. The Court is of the opinion that respondent failed to maintain this intersection in such a way as to provide a driver with the ability to observe oncoming traffic and to afford the driver a safe entry onto Simpson Road. Therefore, claimant may make a recovery for her vehicle in this claim.
In accordance with the findings of fact and conclusions of law as stated herein, the Court is of the opinion to and does make an award to the claimant in the amount of her insurance deductible of $250.00.
Award of $250.00.